UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR No. 98-104-01L
:
JUAN RUIZ :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on August 4, 2006, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violation. At the hearing, Defendant was ordered detained pending my Report and Recommendation and final sentencing before Senior District Judge Ronald R. Lagueux. Based upon the following analysis and the admission of Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of six (6) months of incarceration followed by a term of supervised release for a period of twelve (12) months. I further recommend that, while on supervised release, Defendant participate in an outpatient or inpatient substance abuse treatment program as approved by the United States Probation Officer and that Defendant submit to no more than seventy-two urine specimens per calendar year to determine whether Defendant has reverted to the use of drugs and/or alcohol.**

## Background

On July 28, 2006, the Probation Office petitioned the Court for the issuance of a Warrant for Defendant's arrest. On August 1, 2006, the District Court reviewed the request and ordered the issuance of a Warrant. Defendant was arrested and appeared in Court on August 4, 2006. On August 4, 2006, Defendant knowingly and voluntarily admitted to the following charge and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **While on supervision, the defendant shall not commit another federal, state, or local crime.**
>
> On June 21, 2006, Mr. Ruiz committed the offenses of Driving with a Suspended License, Disorderly Conduct and Resisting Arrest as evidenced by his arrest by the Providence Police Department on that day and his subsequent conviction in Sixth Division District Court on July 6, 2006.

As the Defendant has admitted this charge, I find he is in violation of the terms and conditions of his supervised release.

Defendant was also charged with the following violation which was dismissed sua sponte by the Court:

> **While on supervision, the defendant shall not commit another federal, state, or local crime.**
>
> On January 23, 2006, Mr. Ruiz committed the offenses of Simple Assault/Domestic, Simple Assault and Resisting Arrest as evidenced by his arrest by the Providence Police Department on that day and his subsequent conviction in Sixth Division District Court on January 24, 2006.

This incident was the subject of a prior request for modification of conditions with Defendant's consent. The request dated February 17, 2006 outlined the circumstances of Defendant's arrest on January 23, 2006 and recommended a modification requiring Defendant to

perform 200 hours of community service. Defendant waived his rights to a modification hearing and counsel on February 13, 2006 and Judge Lagueux ordered the modification on February 21, 2006. The modification request advised the Court that the community service requirement and reprimands given to Defendant were a "sufficient response" to the incident and that "any subsequent issues" would result in a more aggressive recommendation. (Document No. 107 – emphasis added). Defendant has completed the community service. It seems apparent to this Court that the community service was imposed as punishment for the January incident and that any defendant would reasonably believe that he had paid his "debt" for that violation by performing the community service. That is why the first violation was dismissed. Although double jeopardy does not apply in violation proceedings, see, e.g., United States v. Woodrup, 86 F.3d 359 (4th Cir. 1996), this Court believes that it would be inequitable to in effect "punish" Defendant twice for the January incident under these particular circumstances. Since both violation one and two are Grade C violations, the dismissal is somewhat of an academic exercise in this case. In addition, it was made clear on the record that when making a recommendation, this Court will consider Defendant's entire history on supervision including the January incident.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release was previously imposed on Counts 3, 4 and 5, therefore, the term cannot be extended on these counts. However, as to Counts 1 and 2, a five-year term of supervised release was previously imposed, but statute authorizes up to a life term. Therefore, the term can be extended without any limitation.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for Class B and C felonies. Therefore, he may not be required to serve more than three years' imprisonment on Counts 1 and 2, and two years' imprisonment on Counts 3, 4 and 5. However, since Defendant has already served eighteen months' imprisonment as a result of one or more previous revocations, the statutory maximum term of imprisonment remaining is eighteen months on Counts 1 and 2, and six months on Counts 3, 4 and 5.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised

release is five years for Counts 3, 4 and 5, and life for Counts 1 and 2. There has been a total of eighteen months' imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the eighteen months previously imposed, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed Grade C violations. Therefore, the Court may revoke, extend or modify the conditions of supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised

release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. In this case, the first provision applies.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there are no unsatisfied conditions.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of II at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed Grade C violations and has a Criminal History Category of II. Therefore, the applicable range of imprisonment for this violation is four to ten months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant's record on supervised release has been poor. Just three months after he began his initial term of supervised release, Defendant left the District without permission and was arrested in Massachusetts on state drug trafficking charges. He was sentenced to six months' imprisonment on the state charges and thereafter received eighteen months from this Court for the related violation matter.

Defendant was released in October 2004, found employment and was apparently on a better track. However, on January 23, 2006, Defendant was arrested and later plead guilty to charges of domestic assault and resisting arrest. He received a suspended sentence and one-year probation from the state court and, in lieu of facing a violation, agreed to a modification requiring 200 hours of community service. Defendant also received verbal and written reprimands from Probation regarding this behavior. Defendant apparently did not get the message.

On June 21, 2006, Defendant was arrested on charges of driving with a suspended license, disorderly conduct and resisting arrest. On July 6, 2006, Defendant plead nolo to resisting arrest and again received a suspended sentence and one-year probation. The other two charges were dismissed. According to the police report, Defendant fled at a high rate of speed when police approached his vehicle, failed to stop at a stop sign and got into a scuffle with police when he was finally stopped. He also reportedly made threatening statements directed at his girlfriend who was the victim of the January 2006 assault.

At the hearing, Defendant directly addressed the Court and made claims of police harassment. This Court does not find his claims to be credible. Defendant has been his own worst enemy. It was Defendant who left the District without permission in 2003 and ultimately plead guilty to drug trafficking charges in Massachusetts. It was Defendant who assaulted his girlfriend on January 23, 2006. The police became involved when his girlfriend called for assistance. When the police arrived, it was Defendant who struck an officer, fled and resisted arrest. Finally, it was Defendant who fled from the police on June 21, 2006 and who scuffled with police when arrested. These were conscious actions taken by Defendant, and he is solely responsible. His allegation of police harassment does not change that fact.

Defendant has admitted to a Grade C violation. Thus, the Court has the discretion to revoke, extend or modify conditions of supervision. If a revocation is imposed, the guideline range is four to ten months. The Government argued for a maximum ten-month sentence to be followed by eight months of supervised release. Defendant argued for a six-month home confinement sentence (with credit for the forty-five days served in state custody). Defendant proposed to serve the home confinement living with his girlfriend who was the victim of the January assault and the target of the June threats. Defendant described the relationship as stable, but his girlfriend was not present in Court to confirm or deny that fact or give her position on the home confinement proposal.

This Court does not agree with either party's proposal. A maximum sentence is not appropriate. Defendant should be given some credit for admitting the violation. In addition, Defendant has shown some positives in that he had maintained employment, and there is no indication that he has reverted to drug use or distribution. Home confinement is not appropriate as Defendant needs to be sent a stronger message at this point. He was given a "free pass" by Judge

Lagueux following the January incident and did not get the message. This Court believes that a six-month term of imprisonment to be followed by twelve months of supervised release is an appropriate penalty for this violation and so recommends.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of six (6) months of incarceration followed by a term of supervised release for a period of twelve (12) months. I further recommend that, while on supervised release, Defendant participate in an outpatient or inpatient substance abuse treatment program as approved by the United States Probation Officer and that Defendant submit to no more than seventy-two urine specimens per calendar year to determine whether Defendant has reverted to the use of drugs and/or alcohol.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
August 11, 2006